### REID v. HORN.

(Supreme Court, Appellate Term. December 13, 1898.)

PRINCIPAL AND AGENT—EVIDENCE—DECLARATIONS.
  Agency cannot be proved by declarations of the alleged agent.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by John M. Reid against Elizabeth Horn to recover $200 for services rendered in pursuance of an alleged agreement. The pleadings were oral, the answer being a general denial. From a judgment rendered in favor of plaintiff on a trial without a jury, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Charles M. Parsons, for appellant.
Eugene Cohn, for respondent.

GIEGERICH, J. Plaintiff's claim, in part, is based upon the following writing:

"I hereby authorize the loan of $5,000, at five per cent., on mortgage of $10,000, covering property 162 East 116th street, New York City: provided, that all the expenses connected with this loan is not to exceed $200, to be paid

by C. M. Parsons and William H. O'Dwyer; and when the money is raised I am to be consulted about the adjusting and arranging the papers connected with the mortgage, etc.   This 16th day of December, 1896.

"Elizabeth G. Horn."

At the time above mentioned the defendant was the owner and holder of the mortgage referred to, and the contemplated loan was to be made for the accommodation of said Parsons, her son-in-law, who had arranged to go into business with O'Dwyer, the person alluded to in the paper.   Such arrangement, however, fell through, in consequence of the defendant's refusal to borrow the money, for the reasons, as stated in Parsons' letter to the plaintiff:

"That the loan was not for her benefit; that misrepresentations had been made to her as to the use of the money, thereby making the security offered her for the same worthless."

The plaintiff's version as to the delivery to him by Parsons of the instrument above set forth was as follows:

"After getting the loan from Mr. Jackson, I reported to Mr. Parsons that I had the loan placed, but I wanted some security, and I wanted to see the person that was to advance it; and he said it was not necessary, because he was doing all of Mrs. Horn's legal business, and he was her legal representative, and whatever he said went."

In Jones, Ev. § 359, the rule is stated to be:

"That it is an indispensable requisite to the admission of the declarations of an agent as part of the res gestæ that such agency or authority be first proved. Such agency cannot be proved by the declarations themselves, no matter how publicly made; nor by such declarations accompanied by acts purporting to be in behalf of the principal, unless they are brought to his knowledge."

In the present case the agency of Parsons is solely relied upon to establish a promise, if any, on the part of the defendant to pay plaintiff the sum in suit; and the only testimony offered with respect thereto was in the form of these alleged declarations, the making of which is denied.   There was no proof that the defendant was ever informed that these declarations had been made, and knowledge thereof cannot in any way be fairly imputed to her, in view of the uncontradicted evidence that the parties litigant never met until the trial, that the contemplated loan was to be made solely for the benefit of Parsons, and that the writing in question expressly provides for the payment by the latter and by O'Dwyer of all expenses connected therewith, not exceeding the sum stated.   Viewed in this aspect, the agency of Parsons was not established, and his alleged declarations, therefore, were not binding upon the defendant.

The only conclusion to be drawn is that the judgment is not supported by the evidence, and, consequently, it must be reversed, and a new trial ordered, with costs to the appellant to abide the event.   All concur.